**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LINDA ANTHONY, on behalf of decedent ARTHUR ANTHONY,** | |
| Plaintiff, | |
| v. | **Civil Action No. 1:21-CV-05051-WMR** |
| **BECTON, DICKINSON AND COMPANY**, | |
| Defendant. | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2, Plaintiff Linda Anthony, on behalf of decedent Arthur Anthony and Defendant Becton, Dickinson and Company ("BD") (together, the "Parties"), hereby submit this Joint Preliminary Report and Discovery Plan:

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   The allegations in this case relate to ethylene oxide ("EtO"), a chemical used to sterilize medical devices that are designed and manufactured by BD. Plaintiff claims that from 1991 to 2015 decedent Arthur Anthony lived near BD's facility in Covington, Georgia ("Covington Facility") where medical equipment and supplies

were sterilized using EtO. Plaintiff alleges that Decedent was exposed to EtO emitted by the Covington Facility and that he was diagnosed with pancreatic cancer. Plaintiff claims Decedent's diagnosis was caused by exposure to EtO.

Plaintiff alleges four counts against BD, including: negligence (Count I), willful and wanton misconduct (Count II), private nuisance (Count III), and ultrahazardous activity/strict liability (Count IV). Based on these claims, Plaintiff seeks nominal and compensatory damages, punitive damages, and attorneys' fees, costs and litigation expenses.

BD denies any wrongdoing, denies that BD is liable to Plaintiff in any way, and denies that BD or EtO caused any injury to Decedent. BD further denies that BD's practices were unsafe or exposed Decedent to unsafe levels of EtO or that exposure to EtO from BD's practices caused Decedent to develop cancer or any other injury. BD also denies that its practices using EtO for sterilizing medical products were unsafe or resulted in the escape and emission of unsafe levels of EtO.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff alleges that, "between 1991 and 2015" Decedent "lived less than 5 miles from [the Covington Facility]." Decedent "was diagnosed with pancreatic cancer in 2013 and subsequently passed away in 2015."

BD denies the allegations as summarized in Section 1(a).

Although case-specific discovery has not yet commenced in this case, BD responds that it has been using EtO to sterilize medical devices at the Covington Facility for the relevant time period in this lawsuit. The Covington Facility sterilizes approximately 15 million medical devices each month.

EtO emissions are heavily regulated by the U.S. Environmental Protection Agency ("EPA") and various federal statutes, including the Clean Air Act ("CAA"), 42 U.S.C. 7401 *et seq.*

**(c)** **The legal issues to be tried are as follows:**

- Whether Plaintiff has stated claims upon which relief may be granted.

- Whether Plaintiff's claims are barred or diminished in whole or in part by the state-of-the-art doctrine.

- Whether BD acted in compliance with applicable laws, statutes, ordinances, and standards based upon the existing state of knowledge and its compliance precludes some or all of the recovery sought by Plaintiff.

- Whether Plaintiff's claims are barred because BD's sterilization of medical equipment with EtO was compliant with federal and state law.

- Whether Plaintiff's claims are barred by federal preemption.

- Whether Plaintiff's claims are barred, in whole or in part, because the social utility and benefit of the sterilization of medical equipment with ethylene oxide outweighed the risk of danger and/or harm if any.

- Whether BD is liable for negligence as a result of the alleged EtO emissions from the Covington Facility.

- Whether BD is liable for private nuisance as a result of the alleged EtO emissions from the Covington Facility.

- Whether BD is liable for ultrahazardous activity/strict liability as a result of the alleged EtO emissions from the Covington Facility.

- Whether BD's conduct caused Decedent's alleged injuries.

- Whether Decedent's alleged injuries were caused by exposure to EtO emitted by the Covington Facility.

- Whether intervening, superseding or alternative causes resulted in the alleged injuries.

- Whether BD's actions warrant the imposition of punitive damages.

- Whether BD's actions warrant the imposition of an award for attorneys' fees.

- Whether the punitive damages claim violates the Georgia and United States Constitutions.

- Whether Plaintiff's claims lack any justification in law or fact.

The above provides a preliminary outline of the legal issues to be tried; however, the jury instructions to be submitted to the jury in this case will be further developed by the Parties and submitted in accordance with this Court's Standing Order. The above is not intended to be the set of jury instructions used at trial, but rather provides the Court with a working framework of the issues.  In addition, the fact that a claim or defense is included above does not constitute an admission,

concession or waiver by a Party who later contends that a claim or defense identified above is inapplicable, unavailable under Georgia law or otherwise prevent a challenge the applicability of any claim or defense. Nor does the fact that a claim or defense is not included above constitute an admission, concession or waiver by a Party that the omitted claim or defense is inapplicable, unavailable or will not be asserted. The Parties reserve the right to supplement what is set forth below when the parties file their jury instructions on the deadline provided by this Court.  The Parties also reserve the right to identify additional legal issues that may arise as discovery progresses.

      **(d)**    **The cases listed below (include both style and action number) are:**

             **1)**    **Pending Related Cases:**

                  None.

             **2)**    **Previously Adjudicated Related Cases:**

                  None.

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| \_\_\_\_\_ | (1) | Unusually large number of parties |
| \_\_\_\_\_ | (2) | Unusually large number of claims or defenses |
| ✓ | (3) | Factual issues are exceptionally complex |
| ✓ | (4) | Greater than normal volume of evidence |
| ✓ | (5) | Extended discovery period is needed |
| \_\_\_\_\_ | (6) | Problems locating or preserving evidence |
| \_\_\_\_\_ | (7) | Pending parallel investigations or action by government |

   ✓     (8)     Multiple use of experts
\_\_\_\_\_     (9)     Need for discovery outside United States boundaries
   ✓     (10)   Existence of highly technical issues and proof
\_\_\_\_\_     (11)   Unusually complex discovery of electronically stored information

**3.**     **Counsel:**

     **Plaintiff**:

          Benjamin H. Richman (*pro hac vice*)
          Michael Ovca (*pro hac vice*)
          **EDELSON PC**

          Charles C. Bailey
          C. Sutton Connelly
          **COOK & CONNELLY**

     **Defendant Becton, Dickinson and Company:**

          Lori G. Cohen
          Sean P. Jessee
          Libretta P. Stennes (*pro hac vice pending*)
          **GREENBERG TRAURIG, LLP**

**4.**     **Jurisdiction:**

     **Is there any question regarding this Court's jurisdiction?**

     None at this time.

     **If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.**     **Parties to This Action:**

(a)     **The following persons are necessary parties who have not been joined:**

   None.

(b)     **The following persons are improperly joined as parties:**

   None.

(c)     **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

(d)     **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendment to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.**

(a)     **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None.

(b)     **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.  All other motions must be filed WITHIN THIRTY DAYS after the beginning of**

discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.  **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

No objection.

9.  **Request for Scheduling Conference**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Presently, the Parties do not request a scheduling conference with the Court

but reserve the right to do so.

10.  **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>Document Discovery</u>

Based on current knowledge, the Parties identify the following description by category, electronically stored information, and tangible things, which may be used to support their claims or defenses (unless solely for impeachment):

- Decedent's medical history and lifestyle factors relevant to the diagnosis of and treatment for pancreatic cancer and any additional injuries alleged by Plaintiff on behalf of Decedent.

- Medical, toxicological and epidemiological evidence related to the potential causes of cancer and any additional injuries alleged by Plaintiff on behalf of Decedent.

- Medical, toxicological and epidemiological evidence regarding exposure to EtO.

- Documents addressing background levels of ethylene oxide and potential sources of EtO to which Decedents may have been exposed.

- Documents addressing the use of EtO at the Covington Facility for sterilization of medical equipment.

- Documents addressing the operation of the sterilization unit at the Covington Facility.

- Documents addressing the permit for release of EtO.

- Documents addressing the operation of emission controls at Covington Facility and other measures taken to comply with the permit.

- Documents addressing the alleged exposure to Decedent at his respective residences or places of work, including air monitoring data and/or models.

- Documents and data addressing alleged releases of EtO from the Covington Facility.

- Documents identified in any Party's Initial Disclosures.

- Documents attached to any pleading in this action.

- Documents produced or to be produced in discovery.

By listing any of the foregoing documents, BD does not concede that all such documents are admissible at trial and specifically reserve their right to object to the admissibility of any of them. There may be additional categories of documents, data compilations, and tangible things in BD's possession, custody, or control that BD may use to support its defenses in this case. BD reserve the right to supplement with any information that is discovered subsequent to the date of this Joint Preliminary Report and Discovery Plan or to the extent necessary to meet or rebut any disputes of material facts not presently known to it or that arise in the future. As certain BD

documents, including those identified herein, may contain confidential, proprietary, and commercially-sensitive business information and trade secrets, BD requests entry of an appropriate Protective Order prior to production of any such documents.

<u>Fact Witness Discovery</u>

To date, the Parties have identified the following as persons who may have knowledge relevant to the claims and defenses in this case:

- Plaintiff Linda Anthony: Plaintiff has discoverable knowledge concerning the facts alleged and claims asserted in the Complaint and Demand for Jury Trial. On information and belief, Plaintiff may be contacted only through her counsel of record.

- Other members of Decedent's family.

- Individuals identified in Decedent's medical, education, employment, tax, Social Security, and/or other records regarding Decedent that are disclosed in this action.

- Other friends, co-workers, supervisors and employers of Decedent.

- All physicians and healthcare providers who treated Decedent for the injuries alleged in the Complaint and Demand for Jury Trial and other prior or subsequent health conditions.

- One or more corporate representatives or employees of BD may have knowledge. Any such individual(s) may be contacted through counsel for BD.

- Although discovery has not commenced, individuals who may have knowledge of discoverable information relating to the allegations in the Complaint and BD's affirmative defenses include: Ronald Pasdon, John LaMontagne, Boone Brothers, Ellen Kondracki, and Travis Anderton.  These individuals may be contacted through counsel for BD.

- All persons identified in any Parties' Initial Disclosures.

- Representatives from regulatory agencies including, but not limited to, the Georgia Environmental Protection Division, Georgia Department of Natural Resources, the United States Environmental Protection Agency and/or the United States Food and Drug Administration.

- All persons referenced in the documents produced or to be produced by any Party to this action or otherwise identified by any Party during the course of discovery.

BD reserves the right to supplement upon receiving additional information concerning the nature of Plaintiff's claims. BD anticipates that as discovery progresses, it will identify other individuals with knowledge about Plaintiff or Decedent who may have information supportive of BD's defenses. BD also expressly reserves the right to identify and disclose any other medical professional/personnel who have treated Decedent and who are likely to have discoverable information that BD may use to support its defenses in this matter.

Further, BD reserves the right to identify and disclose any of the persons disclosed by any Parties to this action's Rule 26(a)(1) materials or any other individuals likely to have discoverable information that BD may use to support its defenses in this matter. As discovery is just commencing, BD reserves the right to supplement through the discovery process and upon receiving additional information concerning the nature of Plaintiff's claims.

Expert Discovery

As discovery has not yet commenced, the Parties have not yet identified any person or persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. However, the Parties expect that expert discovery will be required as to the following non-exhaustive list of subject areas: medical, oncological, neurological, pulmonary, immunological, quality assurance, regulatory, design and operational, epidemiological, statistical, environmental, toxicological, chemistry, engineering and/or manufacturing experts.

In accordance with the Federal Rules of Civil Procedure and Local Rule 26.2(C), the Parties will supplement when they designate an expert witness or witnesses who may be used at trial.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties agree that fact and expert discovery should be phased, such that fact discovery concludes before expert disclosures and depositions take place.  In light of the complexity of this case, the Parties submit that the following schedule is necessary to allow for adequate time for detailed-case specific discovery and pretrial practice in this complex matter.

The Parties propose the following schedule:

| | |
|---|---|
| Discovery Begins. | Jan. 24, 2022 |
| Rule 26(a) disclosures exchanged. | Feb. 7, 2022 |
| Fact Discovery deadline. | Sept. 7, 2022 |
| Plaintiff will designate expert witnesses(es) Plaintiff intends to call at trial and produce case-specific expert reports pursuant to Rule 26, FRCP, and all subparts thereto. | Oct. 7, 2022 |
| Defendant will designate expert witnesses(es) Defendant intends to call at trial and produce expert reports pursuant to Rule 26, FRCP, and all subparts thereto. | Dec. 27, 2022 |
| Plaintiff will designate rebuttal expert witnesses(es) Plaintiff intends to call at trial and produce expert reports pursuant to Rule 26, FRCP, and all subparts thereto. | Jan. 26, 2023 |
| Defendant will designate rebuttal expert witnesses(es) Defendant intends to call at trial and produce expert reports pursuant to Rule 26, FRCP, and all subparts thereto | Feb. 6, 2023 |
| Complete depositions of Plaintiff's experts. | Feb. 6, 2023 |
| Complete depositions of Defendant's experts. | Mar. 6, 2023 |
| Discovery Closes | Mar. 6, 2023 |
| Filing of Daubert Motions and other dispositive motions | April 4, 2023 |
| Trial (14 trial days) | June 6, 2023 or later |

**11.    Discovery Limitations and Discovery of Electronically Stored Information:**

      **(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties have identified topics that are sufficiently similar with cases *Teresa Cooper, on behalf of decedent Gregory Cooper v. Becton, Dickinson and Company* (Case No. 1:21-CV-05050-WMR) and *Clara Jordan, on behalf of decedent Charles Jordan v. Becton, Dickinson and Company* (Case No. 1:21-CV-05052-WMR) that would benefit from coordinated discovery.  In order to avoid unnecessary duplication and ensure the most efficient use of the Court's and the parties' resources, the parties agree to coordinate corporate and general discovery between the three cases.

**(b)     Is any party seeking discovery of electronically stored information?**

Yes.

**(1)     The Parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have conferred regarding a Stipulated Protocol Relating to the Discovery of Electronically Stored Information ("ESI Stipulated Protocol"), which they intend to submit to the Court by January 24, 2022.  If the parties are unable to reach an agreement on issues regarding the discovery of electronically stored information ("ESI"), the parties shall request a scheduling conference.

**(2)     The Parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format**

**(PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties are conferring regarding an ESI Stipulated Protocol, which they intend to submit to the Court by January 24, 2022. If the parties are unable to reach an agreement on issues regarding the discovery of ESI, the parties shall request a scheduling conference.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The Parties request the Court enter a Stipulated Protective Order, which along with the ESI Stipulated Protocol will govern the dissemination of documents, materials, and other information, including the substance and content thereof, designated by any party as confidential and produced by any party in support of motions, in response to written discovery, or during any formal or informal discovery in this litigation. The parties intend to file a proposed Stipulated Protective Order with the Court by January 24, 2022, and will request a scheduling conference if they are unable to reach an agreement on a Stipulated Protective Order.

13.    **Settlement Potential:**

(a)    **Lead counsel for the Parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 6, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

    **For Plaintiff: Lead Counsel (signature):**    */s/ Michael Ovca*

    **For Defendant: Lead Counsel (signature):** */s/ Sean P. Jessee*

        **Other participants for Plaintiff:** Zoe Seaman-Grant

        **Other participants for Defendant:** Sydney Fairchild

(b)    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

        (_)    A possibility of settlement before discovery.

        (✓)    A possibility of settlement after discovery.

        (_)    A possibility of settlement, but a conference with the judge is needed.

        (_)    No possibility of settlement.

(c)    **Counsel (✓) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

        The proposed date of the next settlement conference has not been scheduled, but the Parties agree to meet in good faith for such discussions as the matter proceeds.

(d)    **The following specific problems have created a hindrance to settlement of this case.**

        None.

14.    **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

    **(a) The parties (_) do consent to having this case tried before a magistrate judge of this Court.**

    **(b) The parties (√) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 24 day of January, 2022.

/s/ Michael Ovca
Benjamin H. Richman*
brichman@edelson.com
Michael Ovca*
movca@edelson.com
**EDELSON PC**
350 North Lasalle, 14th Floor
Chicago, IL 60654

Charles C. Bailey
Georgia Bar No. 626778
charlie.bailey@cookconnelly.com
blcook@cookconnelly.com
C. Sutton Connelly
Georgia Bar No. 940353
sutton.connelly@cookconnelly.com
**COOK & CONNELLY, LLC**
P.O. Box 370
Summerville, GA 30747

*admitted *pro hac vice*

*Attorneys for Plaintiff*

/s/ Sean P. Jesse
Lori G. Cohen
Georgia Bar No. 174455
cohenl@gtlaw.com
Sean P. Jessee
Georgia Bar No. 940342
jessees@gtlaw.com
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305

*Attorneys for Defendant
Becton, Dickinson and Company*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**IT IS SO ORDERED**, this ___ day of _____, 2022.


_____

UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

*/s/ Michael Ovca*
[NAME]

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24 day of January 2022, the foregoing **Joint Preliminary Report and Discovery Plan** was filed electronically with the Clerk of Court using CM/ECF, which will serve a copy on all attorneys of record.

DATED:      January 24, 2022                              */s/ Michael Ovca*